Warner, J.
Heard on application of assignor for $500 in lieu of a homestead.
At the time of the assignment the assignor was not the owner of a homestead, but his wife was. This precluded, at that time, any exemption in lieu, of homestead either by the appraisers or by the court. Subsequently under -the stress of financial troubles, the homestead of the wife, which seems to have been mortgaged for its value,, was abandoned. The wife, her household effects being stored, took up temporarily an abode with her husband’s parents in Covington, Ky., while he proceeded to Cleveland in this state seeking employment. Upon this state of facts it is a fair conclusion that assignor is still a resident of Ohio. He is in this state seeking work. The residence of the wife follows that of the husband. If he has found employment in this state, that place is his residence. If he is seeking a business in this state, he has not lost his residence because temporarily permitting his wife to remain at the home of his parents in Kentucky. Under the circumstances shown by the evidence he would remain a resident of Hamilton county until he establishes a residence elsewhere. But his wife can not properly be said to have a homestead except by actual occupancy thereof by herself or her family.
Under the provisions of Section 6348, Revised Statutes, the assignor by failing to have property set aside by the appraisers before sale, loses the right to claim any specific chattels as exempt but does not thereby waive his exemptions in lieu of a homestead if he is or becomes entitled thereto, which exemptions may be awarded him in money out of the proceeds of the estate in the hands of the assignee on his application to the court. Because the statute evidently contemplates that his exemptions *207 shall not be included in the assignment and the estate having received the benefit of a sale of property that the appraisers were by law required to set aside as exempt it should be charged with the amount of the exemption in lieu of a homestead upon application made at any time before final distribution.
The more difficult question still remains, and that is, may the assignor successfully claim an exemption in lieu of homestead where the wife abandons for good cause her homestead existing when the assignment is made. Such abandonment by the wife and family seems in this ease to have been Iona fide for sufficient financial reasons and not in collusion with the assignor to obtain the allowance asked.
In the Pelnick case, 9 N.P. (N.S.), 635, this court held that the facts as to residence existing at the time of .assignment should control. In Selders v. Lane, 40 O. S., 345, a levy by attachment was sustained against a claim for exemption by a debtor who married after the levy. These and other cases proceed on the principle that liens and rights once acquired and vested before the right to any exemption existed shall not be abrogated by subsequent acts of a party against whom- the lien or right exists, and entitle him to the right of exemption not his at the time the lien or right vested. The requirements of the statute as to the right to any exemption whatever must be distinguished from the property that may be, or become, exempt when the right exists. In the case at bar the' assignor at the time of the assignment was entitled upon the facts t^en existing to a homestead, by himself or wife, and on present facts is so entitled. The homestead of the wife has been abandoned, and thus a change of facts as to homestead property has come about.
Section 5440, Revised Statutes, provides where a homestead is charged with liens that preclude an allowance of a homestead and the same is sold, an exemption in lieu of homestead shall be awarded out of the surplus. If there is no surplus, or if same does not amount to $500 other property may be claimed and held as exempt. Carter v. Ross, 8 C. C., 139; In re Assignment of Knepfle, 4 N. P., 213.
Under said Section 5440 the facts as they exist when the exemption is claimed must necessarily control.
*208 ' In analogy to the provisions of said Section 5440 when the homestead of the wife, existing at the time of the assignment of the husband, is lost or necessarily abandoned, before distribution of the assigned estate, it would seem in accord with the liberal spirit of the exemption laws that the husband or wife on demand should be awarded the exemption in lieu of a homestead, upon the facts as tó homestead as they exist at the time demand is made.
I think, therefore, in the case at bar the homestead of the wife having been abandoned, without collusion or fault on the part of the'husband, the assignor, pending the proceedings in the assignment case, and before final distribution, there existing no waiver of his exemptions and the assignor being at all times a resident of Ohio, he is entitled to an allowance of $500 out of the funds in the hands of the assignee in lieu of a homestead, upon the facts as they now exist which show that neither the assignor nor his wife at this time own a homestéad.
An order may be taken accordingly.